IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JUSTIN ASHLEY, | |
| Plaintiff, | CIVIL ACTION NO.: 5:22-cv-74 |
| v. | |
| JANE DOES 1–2, CONTREICA DAWSON, TERESKA HOLLIS, and MACK PAYNE, | |
| Defendants. | |

**O R D E R**

Plaintiff filed an "Objection to Court Order," which the Court construes as a Motion for Reconsideration.  Doc. 52.  Plaintiff seeks to have the Court reconsider its Order on his motion for modification of Court Order.  Id. at 1; see Doc. 42.  For the following reasons, the Court **DENIES** Plaintiff's Motion.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly."  Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted).  "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id. (internal citation omitted).  "The only grounds for granting a Rule 59 motion are newly[]discovered evidence or manifest errors of law or fact."  Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)).  "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment."  Id. (quoting Michael Linet, Inc. v. Village of

Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

Plaintiff does not provide any grounds for the Court to reconsider its Order. Plaintiff argues the Court erred in construing his previous motion for modification as a motion for reconsideration because his intended goal was only to request the Court to modify its Order to allow for discovery of all his mental health records. Doc. 52 at 1–2. Rule 59(e) applies to motions by which a party seeks to alter or amend a judgment, the exact remedy Plaintiff is seeking. Plaintiff argues the Court's Order was a manifest error of fact and law, but Plaintiff has not shown clear error. Plaintiff only argues his previous filings established a genuine need for the requested materials and he needs the requested mental health records to support his arguments against Defendants' motion to dismiss. Plaintiff does not state what additional records he needs or why. Plaintiff has raised these arguments before, and he presents nothing new here. "A motion for reconsideration may not be used to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). Additionally, Defendants have provided Plaintiff with a multitude of medical records since Plaintiff filed this Motion. Docs. 46, 48, 49, 50. Therefore, the Court **DENIES** Plaintiff's construed Motion for Reconsideration. The Court's November 29, 2023 Order remains the Order of the Court.

**SO ORDERED**, this 28th day of February, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA