IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JUSTIN ASHLEY, <br><br> Plaintiff, <br><br> v. <br><br> JANE DOES 1–2, CONTREICA DAWSON, TERESKA HOLLIS, and MACK PAYNE, <br><br> Defendants. | CIVIL ACTION NO.: 5:22-cv-74 |

**O R D E R**

Defendants Dawson, Hollis, and Payne filed a Motion to Dismiss.[1] Doc. 23. Plaintiff filed a Response opposing Defendants' Motion. Doc. 34. For the reasons stated below, I **GRANT** Defendants' Motion to Dismiss, **DISMISS** Plaintiff's claims against Defendants, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[2] I also **OVERRULE** Plaintiff's Objections to Denial of Emergency Hearing and to Denial of Motion for Extension. Docs. 58, 65. I **DENY as moot** Plaintiff's "Motion for Court to Order U.S.

---

[1] Plaintiff's Complaint was allowed to proceed with claims against three Doe Defendants who were members of the Ware State Prison Classification Committee. Defendants identified these three Doe Defendants as Contreica Dawson, Tereska Hollis, and Mack Payne. Doc. 23-1 at 2 n.1.

Plaintiff named two other Doe Defendants in his Complaint (Ware State Prison Mental Health Doctor and Ware State Prison Mental Health Nurse) who have never been identified by name. Doc. 1. These two unidentified Defendants have not been served and have not appeared. Doc. 25. Even so, the statute of limitations issues analysis in this Order applies with equal force to the two unnamed Doe Defendants. Therefore, Plaintiff's claims against the two unnamed Doe Defendants are dismissed on the same grounds.

[2] Plaintiff has consented to the undersigned's plenary review. Doc. 10.

Marshall's [sic] to Serve Subpoena on Third Party," doc. 60; Plaintiff's Motion for Copies, doc. 61;[3] and Plaintiff's Motions for Intervention, docs. 62, 63.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983, asserting Eighth Amendment claims. Doc. 1. Plaintiff alleges Defendants failed to properly classify him based upon various potential risk factors upon his transfer to Ware State Prison in 2020. Id. at 10–20. As a result of the classification decision, Plaintiff was housed with inmate Christopher Rawls in dorm F-1. Id. at 20–21. Between the hours of 5:00 p.m. on September 4, 2020, and 1:00 a.m. on September 5, 2020, inmate Rawls sexually assaulted Plaintiff. Id. at 32. Plaintiff alleges Defendants' failure to properly classify him constituted deliberate indifference to a substantial risk of harm by another inmate and directly resulted in the sexual assault. Id. at 40–42.

Defendants filed this Motion to Dismiss, arguing the claims against them are barred by the statute of limitations and Eleventh Amendment immunity.[4] Doc. 23-1 at 2–4. Plaintiff filed a Response. Plaintiff argues the statute of limitations should be tolled due to mental incompetence and his claims should not be dismissed. Doc. 34 at 3. Plaintiff also argues the statute of limitations was tolled under the doctrine of equitable tolling. Id. at 4–6.

## LEGAL STANDARD

In considering a motion to dismiss filed based on Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "factual allegations are enough to raise

---

[3] To the extent Plaintiff seeks copies from the Clerk of Court, he may ask the Clerk for copies and for an accounting of the costs of those copies. Plaintiff will have to prepay for those copies before the Clerk of Court can provide the copies.

[4] Defendants argue Eleventh Amendment immunity bars any claims against them in their official capacities. Doc. 23-1 at 3. However, since I have determined Plaintiff's claims are barred by the statute of limitations, I do not need to address Defendants' official capacity arguments.

the right to relief about the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Id. at 406. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). As for pro se plaintiffs, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

A court generally must convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment under Rule 56 if it considers materials outside of the pleadings. Fed. R. Civ. P. 12(d); Day v. Taylor, 400 F.3d 1272, 1275–76 (11th Cir. 1990). However, "it is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." Jones v. Auto. Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531–32 (11th Cir. 1990). Plaintiff attached one document to his Complaint in support of his claims, but I have not considered that document in resolving Defendants' Motion to Dismiss. Neither Defendants nor Plaintiff submitted any additional materials with their briefing on the Motion to Dismiss. I have considered only Plaintiff's Complaint and the parties' briefing on Defendants' Motion to Dismiss. Therefore, there is no need to convert Defendants' Motion to Dismiss to a motion for summary judgment. Even if it were necessary to convert Defendants' Motion in these

circumstances, conversion would have no impact on my ruling.  Plaintiff had an opportunity to present additional evidence he sought to rely on, but he did not present any additional material.[5]

## DISCUSSION

**I.       The Statute of Limitations Bars Plaintiff's Claims**

Defendants argue the statute of limitations began to run on September 5, 2020, when Plaintiff was sexually assaulted.  Doc. 23-1 at 3.  Plaintiff signed his Complaint on December 4, 2022, and it was filed with the Court on December 15, 2022.  Defendants argue Plaintiff filed his Complaint approximately three months after the expiration of the two-year statute of limitations.  Id.  Defendants state Plaintiff does not allege Defendants engaged in any type of violation that would have continued the limitations period.

Plaintiff makes various arguments in response.  Doc. 34.  Plaintiff argues: (1) his action did not accrue at the time of the assault; (2) the statute of limitations is subject to tolling under O.C.G.A. § 9-3-90, which permits tolling during periods of mental incapacity; and (3) the statute of limitations is subject to equitable tolling because of Plaintiff's broken arm, his mental illness, his litigation of multiple suits at one time, his limited access to legal resources, and his efforts to exhaust administrative remedies.

As explained below, the applicable statute of limitations bars Plaintiff's claims. Plaintiff's argument about the accrual of his claim is unconvincing.  Plaintiff's tolling arguments are conclusory, unsupported, and, at times, internally inconsistent.  Plaintiff fails to show the

---

[5]     Plaintiff asked for an opportunity to conduct limited discovery to obtain certain records to support his opposition to Defendants' Motion to Dismiss. On October 11, 2023, I granted Plaintiff's request and allowed him to obtain mental health records, medical records, and grievance history records.  Doc. 35. On January 26, 2024, Defendants informed the Court they had produced all of the requested records to Plaintiff.  Docs. 46, 48, 49.  Even so, Plaintiff has not presented any of the records produced by Defendants.  This ruling now comes at the end of March 2024.  Plaintiff has had ample time to submit any additional information he received, but he has not done so.

statute of limitations should be tolled for any amount of time, much less the three months at issue here.  Ultimately, Plaintiff has not shown his claims accrued later or that the statute of limitations should be tolled.

### A.     Legal Standard

"A statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) when the complaint shows on its face that the limitations period has run."  Davis v. Bragg, CV420-244, 2021 WL 3643019, at *2 (quoting AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982)) (cleaned up).  Constitutional claims brought under § 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."  Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011).  Georgia has a two-year statute of limitations for personal injury actions.  O.C.G.A. § 9-3-33.  Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run."  Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).

### B.     Accrual

Plaintiff states he "had no knowledge that claims had accrued" until February 2022 when, for the first time, he "began receiving proper treatment and diagnosis."  Doc. 34 at 9–11.  Plaintiff's argument on this point is difficult to discern.  Plaintiff appears to argue he could not pursue his claims prior to February 2022 because he was not being properly treated for his mental health conditions.  If so, Plaintiff is merely recharacterizing the argument the statute of limitations should tolled due to his mental incapacity.  That argument is addressed below in full.  Alternatively, Plaintiff may be asserting he did not learn he had diagnosed mental health injuries arising from the assault until February 2022.  If so, that argument is conclusory and

unsupported.[6]  Setting aside the particular contours of Plaintiff's accrual argument, it is clear Plaintiff's Eighth Amendment claims accrued no later than September 5, 2020, the date of the sexual assault.

Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id.  "The statute of limitations for claims brought under § 1983 begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant." Johnson v. County of Paulding, 780 F. App'x 796, 798 (11th Cir. 2019) (citing Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003)).

Plaintiff's Eighth Amendment claims all arise from his placement in a cell with inmate Rawls and subsequent sexual assault by Rawls.  All facts underlying Plaintiff's claims were immediately apparent to him by September 5, 2020.  By his own allegations, Plaintiff was familiar with his housing assignment, his inmate classification, and his cellmate for approximately 90 days before the sexual assault.  Doc. 1 at 31–32.  Plaintiff was, of course, aware of the sexual assault itself immediately upon occurrence.  Thus, the facts supporting Plaintiff's claims were all known to Plaintiff by September 5, 2020, and that is the date his causes of action accrued.  Plaintiff has not pointed to any facts or law that suggests his claims accrued at any later time.

---

[6]  Plaintiff fails to explain the nature of his mental illness, how it relates to his claims, or how treatment and diagnosis of that illness relates to the accrual of his Eighth Amendment claims.  At one point in his Response, Plaintiff states, "Plaintiff did not receive proper diagnosis nor began to receive medication to remedy such incapacity until 2021." Doc. 34 at 3.  At another point, he states he learned in February 2022 from the SMU doctor he should have removed him from general population when he reported his symptoms of "psychosis." Id. at 10.  Plaintiff also states he has a "lifelong history" of mental illness and was suffering from his mental illness prior to the assault on September 5, 2020. Id. at 3.  Ultimately, the nature, the timing, and the significance of Plaintiff's purported mental illness are all illusive.  Additionally, Plaintiff has not offered any evidence related to his mental illness (including treatment and diagnosis), despite having an opportunity to do so.

### C. Tolling Based on Mental Incapacity Under O.C.G.A. § 9-3-90(a)

Under Georgia law, "persons who are legally incompetent because of . . . mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons." O.C.G.A. § 9-3-90(a). Plaintiff may establish a toll due to mental incapacity based on the claim that, as a result of the occurrence giving rise to the cause of action, he became "mentally and physically incapacitated so as to be incapable of acting for himself in carrying on his business and in prosecuting his claim." Lawson v. Glover, 957 F.2d 801, 805 (11th Cir. 1987). Georgia courts have not articulated a clear test for mental impairment "because the concept challenges crisp articulation." Chapman v. Burks, 357 S.E.2d 832, 835 (Ga. Ct. App. 1987). In recent years, Georgia courts have consistently engaged in the following inquiry: "whether plaintiff suffered from such unsoundness of mind or imbecility as to be incapable of managing the ordinary affairs of life." Anglin v. Harris, 534 S.E.2d 874, 877 (Ga. Ct. App. 2000). Evidence a plaintiff suffered from despondency, depression, and a borderline personality disorder is insufficient to establish mental impairment for tolling purposes. Methodist Church v. Stewart, 472 S.E.2d 532, 535 (Ga. Ct. App. 1996).

Plaintiff has not met his burden to establish mental incapacity for the purposes of tolling. Plaintiff states he was legally incompetent due to mental illness at the time of his sexual assault and for the 120-day period immediately afterward. Doc. 34 at 3. Plaintiff argues he has a lifelong history of mental illness and the effects of his illness substantially impaired his mental clarity to such a degree it rendered him unable to take responsibility for himself and the management of his own affairs between September 5, 2020 and January 2021. Id. However, Plaintiff also alleges he told Chief Counselor Johnson about the assault immediately after it

occurred, overheard conversations by correctional officers regarding the assault, and attempted to contact correctional officers and medical staff to report the assault and to seek treatment. Doc. 1 at 33–35. Plaintiff alleges he provided officers with two separate letters and a witness statement affidavit. Id. Although Plaintiff alleges mental incapacity and inability to carry on his personal business, Plaintiff's own statements contradict this claim. Indeed, Plaintiff's own allegations indicate he was actively participating in the investigation of the incident.

Plaintiff has not demonstrated the statute of limitations should be tolled under O.C.G.A. § 9-3-90. Plaintiff has not produced any mental health records showing he was mentally incapacitated at the time of the assault or at any point after the assault, despite conducting limited discovery on the issue. Plaintiff's own allegations show he was managing his own affairs by contacting correctional and medical staff to inform them of the assault and to get proper treatment. Plaintiff seeks tolling based on his mental state, but his own allegations undermine any basis for tolling. Plaintiff has not sufficiently alleged he "suffered from such unsoundness of mind or imbecility as to be incapable of managing the ordinary affairs of life," and, therefore, he has not shown the statute of limitations should be tolled.

### D.     Equitable Tolling

Plaintiff also argues the statute of limitations is subject to equitable tolling under federal law. Doc. 34 at 4. "A plaintiff seeking equitable tolling has the burden of showing that his untimely filing was 'because of extraordinary circumstances that are beyond his control and unavoidable even with diligence.'" Echemendia v. United States, 710 F. App'x 823, 827 (11th Cir. 2017) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). "Generally speaking, equitable tolling is reserved for cases involving some affirmative misconduct or deception on the part of the adverse party." Zamudio v. Haskins, 775 F. App'x 614, 616 (11th

Cir. 2019). To allege equitable tolling based on mental incapacity, a plaintiff must establish a "causal connection" between plaintiff's alleged mental incapacity and his ability to file a timely civil action. Bridgewater v. DeKalb County, No. 1:10-cv-1082, 2010 WL 11507266, at *8 (N.D. Ga. July 12, 2010). This Court has previously noted "limited legal education and access to legal research materials are not sufficient to warrant equitable tolling." Wright v. United States, CV421-297, CR415-96, 2022 WL 17592407, at *2 (S.D. Ga. Dec. 13, 2022) (assessing equitable tolling in the context of a habeas petition).

Plaintiff argues equitable tolling is warranted for several reasons. Doc. 34. Plaintiff states his arm was broken during an inmate-on-inmate assault and the injury severely limited his ability to write.[7] Plaintiff states he was attempting to litigate three separate cases at the time and was denied access to legal research materials by prison staff.[8] Plaintiff states his mental illness constitutes an "extraordinary circumstance" under the federal standard for equitable tolling. Plaintiff states he was unable to file a lawsuit because he was transferred to the Special Management Unit ("SMU"), at which point prison staff confiscated his personal property, including his legal materials, and denied Plaintiff access to legal research. Plaintiff also argues the statute of limitations should be tolled for the time he pursued administrative remedies.

None of Plaintiff's allegations support equitable tolling in this case. Although Plaintiff claims he was mentally incapacitated (due to mental illness) and physically incapacitated (due to his broken arm) during the relevant time, Plaintiff also states he filed another federal lawsuit in November 2021, which is within the timeframe Plaintiff claims he was incapacitated. Doc. 34 at

---

[7] Plaintiff also mentions he suffered a traumatic brain injury, but he does not argue that injury impeded his ability to file lawsuits and provides no details about this particular injury.

[8] Plaintiff states in one of those three cases, he was being prosecuted for the murder of Christopher Rawls, the inmate who allegedly assaulted him in the incident underlying the claims in this case. Indeed, in his Complaint, Plaintiff indicates he killed Rawls during the assault in September of 2020.

9

4 (describing the "over 70 page complaint" Plaintiff filed regarding the inmate-on-inmate assault); see, e.g., Lingo v. Jones, No. 2:08-CV-142, 2010 WL 1856089, at *4 (M.D. Ala. Mar. 5, 2010) (rejecting equitable tolling argument by plaintiff in part because he had proceeded pro se in other lawsuits). Indeed, Plaintiff claims the statute of limitations should be tolled in this suit *because* he was litigating other lawsuits at the same time. Plaintiff's allegations are inherently inconsistent. Plaintiff's allegations concerning his broken arm, the litigation of multiple lawsuits, and his mental illness are inconsistent with the fact Plaintiff admits he filed and litigated a federal lawsuit during the same period of time. Plaintiff's allegations on these point fall far short of demonstrating the "extraordinary circumstances" necessary for equitable tolling.

Plaintiff's allegations about limited access to legal materials and resources at the SMU also fail to do support tolling of the statute of limitations. Limited access to a library and legal research materials do not constitute "extraordinary circumstances" for the purposes of equitable tolling. "[A]n inmate's lack of legal knowledge, the denial of access to a law library, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period." Terry v. Hurley, No. 1:13-CV-0738, 2014 WL 1660708, at *2 (M.D. Ala. Mar. 10, 2014) (citing United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)). Plaintiff fails to demonstrate any extraordinary circumstances arising from his ability to access legal materials and resources at the SMU.

Lastly, Plaintiff argues the statute of limitations should be tolled for the period of time he was attempting to exhaust his administrative remedies. Doc. 34 at 7–8. Plaintiff states he filed

and pursued multiple grievances related to his claims and they were either lost or destroyed. Id. Plaintiff states he filed a grievance on September 21, 2020, and Plaintiff alleges this grievance was lost or destroyed. Plaintiff filed another grievance on December 14, 2020, which he says was "practically identical" to the September 21, 2020 grievance. Plaintiff states the December 14, 2020 grievance was rejected. Plaintiff does not say why or when the December 14, 2020 grievance was rejected. Plaintiff states he appealed the rejection of the December 14, 2020 grievance on April 7, 2021. Plaintiff states he did not receive a response to his appeal, even though he requested a response on more than 10 occasions. Id. Plaintiff argues the statute of limitations should be tolled during the time he pursued these administrative remedies.

The Eleventh Circuit Court has declined to addressed whether exhaustion of remedies by a prisoner will operate to toll the statute of limitations. See Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001); Zamudio v. Haskins, 775 F. App'x 614, 616 (11th Cir. 2019) (citing Leal and noting other circuits have applied equitable tolling principles to toll the limitations period during a prisoner's exhaustion of administrative remedies). At least one court has construed the Eleventh Circuit's treatment of the issue to suggest exhaustion of administrative remedies does not toll a statute of limitations. Woods v. United States, No. 120CV00505, 2023 WL 2364425, at *9 (N.D. Ala. Jan. 19, 2023), report and recommendation adopted, 2023 WL 2208208 (N.D. Ala. Feb. 24, 2023). However, this Court has previously concluded the period in which an inmate pursued his administrative remedies equitably tolled the statute of limitations period. Watkins v. Haynes, No. CV 212-50, 2013 WL 1289312, at *8 (S.D. Ga. Mar. 27, 2013) ("[T]his Court holds that the statute of limitations was tolled while Plaintiff complied with the PLRA by pursuing possible administrative remedies prior to filing suit."); Jenkins v. Hutcheson, No. 6:14-CV-81, 2016 WL 4496561, at *5 (S.D. Ga. June 22, 2016).

Regardless of whether pursuit of administrative remedies can toll a statute of limitations, a plaintiff still must "demonstrate the requisite level of diligence" in pursuing administrative remedies for equitable tolling to apply.  Zamudio, 775 F. App'x at 616.

Even assuming the statute of limitations could be tolled while Plaintiff pursued administrative remedies, Plaintiff has not demonstrated it should be tolled for the approximately three months necessary to make his claims timely.  Plaintiff states he filed two grievances about the September 5, 2020 assault, and he appealed the rejection of one of those grievances.  Plaintiff filed his first grievance on September 21, 2020.  Doc. 34 at 8.  Plaintiff is not entitled to any tolling between the incident and September 21, 2020, when he filed the grievance.[9]  September 21, 2020 would have started any tolling period.

Once Plaintiff filed his September 21, 2020 grievance, the warden had 40 calendar days to deliver his decision on the grievance to Plaintiff.  Strozier v. Toole, Case No. 5:22-cv-42 (S.D. Ga. June 20, 2023), ECF No. 45-3, p. 13 (defendants' motion to dismiss, attach. 3, grievance Standard Operating Procedure ("SOP")).  Plaintiff claims the warden never responded.  Once the 40-day period expired without a response from the warden, Plaintiff had seven days to file Central Office Appeal.  Id. at 14.  Plaintiff does not state—and there is no indication in the

---

[9]  As an inmate in a Georgia state prison, the Georgia Department of Corrections' Standard Operating Procedures ("SOP") govern Plaintiff's filed grievances.  See Strozier v. Toole, Case No. 5:22-cv-42 (S.D. Ga. June 20, 2023), ECF No. 45-3 (defendants' motion to dismiss, attach. 3, grievance SOP).  The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Civ. P. 201.

The SOP requires all grievances be filed within 10 days of the incident.  Plaintiff's September 21, 2020 grievance was not filed within 10 days of the incident and, therefore, the grievance was untimely.  Whether Plaintiff properly exhausted his administrative remedies is not presently before the Court.  However, it is apparent Plaintiff filed his first grievance out of time, meaning Plaintiff's Complaint would likely be dismissed for failure to exhaust.

record—he filed any appeal.[10]  Thus, even giving Plaintiff the benefit of every day of potential tolling related to the September 21, 2020 grievance, Plaintiff would be entitled to 47 days, at most.  Even with that tolling, Plaintiff's Complaint would have been filed out of time by approximately 43 days.

Plaintiff also states he filed a grievance about the September 5, 2020 incident on December 14, 2020, and appealed the denial of that grievance on April 7, 2021.  Even accepting these facts as true, Plaintiff fails to demonstrate his efforts related to this grievance warrant any equitable tolling.  First, the December 14, 2020 grievance was "identical" to Plaintiff's first grievance, but the December 14, 2020 grievance was filed more than three months after the incident.  Thus, the December 14, 2020 grievance was both untimely and duplicative.[11]  Second, Plaintiff's appeal was untimely.  Even if Plaintiff received the rejection of this grievance on the last day of the 40 days the warden had to respond, Plaintiff should have filed his appeal by the 47th day after filing his grievance, which would have been approximately January 30, 2021.  But Plaintiff did not file his appeal until April 7, 2021, long after the time allowed to appeal.  Even if efforts to exhaust administrative remedies can toll the statute of limitations, Plaintiff untimely and duplicative efforts would not warrant tolling in these circumstances.  Furthermore, Plaintiff has not shown he exercised the required level of diligence in pursuing administrative remedies for equitable tolling to apply.

---

[10]   Plaintiff's failure to file an appeal related to September 21, 2020 grievance constitutes another way in which Plaintiff failed exhaust his administrative remedies.

[11]   I have not identified any authority that indicates a prisoner's efforts to file a duplicative, untimely grievance would entitle the prisoner to equitable tolling.  Reason dictates such efforts would not support equitable tolling.  If a prisoner has already failed to exhaust his administrative remedies, that prisoner should not receive the benefit of extending a statute of limitations period merely by filing additional improper grievances.

In sum, Defendants have shown Plaintiff's claims are barred by the statute of limitations. Plaintiff's claims accrued on September 5, 2020. Plaintiff argues the statute of limitations was tolled for various reasons, but he has not established any basis for tolling. Many of Plaintiff's tolling arguments are facially inconsistent and undermine each other. For example, Plaintiff claims he was mentally incapacitated during the relevant period but also states he was litigating multiple cases at one time. Similarly, Plaintiff claims he was unable to file this suit because he was incapacitated by physical injuries, but he states he filed a lengthy complaint during the relevant period about the incident that gave rise to those injuries. Ultimately, Plaintiff's claims accrued no later than September 5, 2020, and Plaintiff fails to demonstrate any basis for legal or equitable tolling. Therefore, I **GRANT** Defendants' Motion to Dismiss, **DISMISS** Plaintiff's claims, and **DIRECT** the Clerk of Court enter the appropriate judgment of dismissal and to **CLOSE** this case.

## II.     Plaintiff's Objection to Denial of Emergency Hearing

The Court also denies Plaintiff's Objection to Denial of Emergency Hearing. Doc. 58. Plaintiff states he is being targeted by gangs within the prison and the prison is under the complete control of gang members. Plaintiff also states he has received threats along with his relatives to prevent him from pursuing his active lawsuits. Plaintiff has not named any individuals specifically threatening him or limiting his access to the mailroom or his legal documents. The Court **OVERRULES** Plaintiff's Objection. Plaintiff's allegations are not connected to the allegations made in his Complaint. In addition, Plaintiff's allegations are vague

and generalized statements about violence and access to courts, providing little to no basis for the granting of this Motion.

### III. Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **GRANT** Defendants' Motion to Dismiss, **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  I also **OVERRULE** Plaintiff's Objections to Denial of Emergency Hearing and to Denial of Extension.  Docs. 58, 65.  I **DENY as moot** Plaintiff's "Motion for Court to Order U.S. Marshall's [sic] to Serve Subpoena on Third Party."  Doc. 60.  I **DENY as moot** Plaintiff's Request for Copies.  Doc. 61.  Lastly, I **DENY as moot** Plaintiff's Motions for Intervention. Docs. 62, 63.

**SO ORDERED**, this 22nd day of March, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA